UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUL TAALIB-DIN,

    Petitioner,

v.                                           Case No. 11-50786

DESHONDA MATHEWS,

    Respondent.
                                         /

**ORDER DENYING MOTION FOR STAY**

Before the court is pro se Petitioner Abdul Taalib-Din's motion to stay certain proceedings in Michigan's 36th District Court and 3rd Circuit Court. Much of Petitioner's 36-page motion is difficult to decipher, but it is clear that he is attempting to stay the effect of a May 27, 2011, order of the Michigan Circuit Court, which is attached to his motion, in order to have a chance to remove the case to this court.

It appears from the motion that this action arises from an underlying property dispute between Petitioner and Respondent. On August 4, 2010, the Michigan District Court awarded Respondent the right to possess the residential property at issue. Petitioner appealed that decision to the Michigan Circuit Court, which affirmed the decision of the District Court on December 2, 2010, and remanded the case to allow Respondent to seek a writ of eviction. Respondent seems to have neglected her obligation to seek the writ in a timely fashion, and as a result the District Court was required to hold a hearing on the matter. It appears that the District Court eventually entered the proposed eviction order, which Petitioner appealed to the Circuit Court. The

Circuit Court denied Petitioner's motion for reconsideration of the District Court's decision, and approved the proposed order of eviction.  Petitioner then attempted to remove the case to the United States District Court for the District of Columbia, which transferred the case to this district in a June 13, 2011, order.  That case has not yet arrived on this court's docket.  Petitioner, in the interim, has filed this motion for relief, which has been docketed as a miscellaneous action.  Giving credence to the circumstances under which the motion was filed, the court treats it as an emergency motion to stay the effect of the state court's May 27, 2011, order.  Even though Petitioner's motion does not explicitly say so, the court presumes that Petitioner's eviction from the property is imminent.  Nonetheless, the motion will be denied.

The *Rooker-Feldman* doctrine bars this court from exercising subject-matter jurisdiction over this case.

> [The *Rooker-Feldman*] doctrine, a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court.  A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States.

*United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The Sixth Circuit has interpreted *Exxon*'s "limitation to mean that the *Rooker-Feldman* doctrine

applies only when a plaintiff complains of injury from the state-court judgment itself." *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008).

Just such a situation is presented here. Petitioner lost the property action in the Michigan courts. Petitioner's motion complains of the injury caused by the judgment in that case, which is the foundation of the eviction action that presumably has been initiated against him. This court does not sit as a court of appeals over the Michigan courts; if Petitioner desired recourse in the federal courts, he would first need to appeal his case through the Michigan appellate system, and then seek certiorari to the United States Supreme Court. Because Petitioner is a state-court loser complaining in this federal case of the effect of the state-court judgment rendered against him, the *Rooker-Feldman* doctrine bars his claim. Accordingly,

IT IS ORDERED that Petitioner's "Motion for Stay" [Dkt. # 1] is DENIED.


    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 24, 2011, by electronic and/or ordinary mail.


    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522


S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-50786.TAALIB-DIN.DenyStayRookerFeldman.jmp.wpd